SECURITY INSURANCE CO. v. MICHAEL ET AL.

**1. Demand for Jury Trial Upon Question of Fact Improperly Refused.**

Filing an answer in an action at law for money which is no more than a defense to the petition does not change the action to one in equity, but the issue unless waived is triable to a jury under Gen. Code 11379; the fact that demand for trial by jury was not made until after trial had begun and apparently made for purposes of delay, does not affect the right.

**2. Statutory Provision as to Waiver of Jury in Certain Counties Invalid.**

Gen. Code 11466, providing when a jury shall be deemed to have been waived, pertains to a subject of a general nature, and is rendered invalid by reason of the fact that by its terms it applies to Hamilton and Cuyahoga counties only.

ERROR to common pleas court.

*J. Louis Kohl,* for plaintiff in error.
*C. A. J. Walker,* for defendant in error.

**SWING, J.**

The case went to trial in the court below on the answer and cross petition of Michael, the insurance company having dismissed its petition. This petition was by consent of parties then filed as an answer to the answer and cross petition of Michael, which petition was for money only. The answer of the insurance company was nothing more than a defense to Michael's petition for money and could not in any way change Michael's action, which was one in law, to an action in equity. The case was therefore one to be tried by a jury unless a jury was waived. Gen. Code 11379.

Gen. Code 11466, by its terms applies to Hamilton and Cuyahoga counties only. Its subject is of a general nature and it should apply to all the counties of the state and have a uniform operation. For lack of uniformity of operation we think the law is invalid.

Hamilton County

The Security Insurance Company demanded a trial by jury, which the court refused to grant. We are unable to see how this right of trial by jury can be held to have been waived by the consent of the parties in this case. After the trial was commenced the jury trial was demanded. The real purpose of the company may have been for delay, but in demanding trial by jury the company insisted only on having the trial in accordance with the terms of the statutes, and the purpose with which it was made can not affect the right. The insurance company went further than the requirements of the statute. The language of the statute is that it shall be tried by a jury unless a jury is waived.

No doubt a waiver of trial by jury may be done without an express waiver, but here a jury trial was insisted on.

In denying to the insurance company a jury trial we think the court committed error, for which the judgment should be reversed.

**Smith** and **Jones, JJ.,** concur.